Slip Op. 19-**78**

# UNITED STATES COURT OF INTERNATIONAL TRADE

ASPECTS FURNITURE
INTERNATIONAL, INC.,

    Plaintiff,

    v.

UNITED STATES,

    Defendant.

Before: Mark A. Barnett, Judge
Court No. 18-00222

## OPINION AND ORDER

[Defendant's partial motion to dismiss for lack of subject matter jurisdiction is denied.]

Dated: June 21, 2019

Robert W. Snyder and Leanne R. E. Torres, Law Offices of Robert W. Snyder, of Irvine, CA, for Plaintiff.

Marcella Powell, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were Amy M. Rubin, Assistant Director, and Joseph H. Hunt, Assistant Attorney General.

    Barnett, Judge: In this action, Plaintiff, Aspects Furniture International, Inc. ("Plaintiff" or "AFI"), contests the denial of two protests[1] challenging U.S. Customs and Border Protection's ("CBP" or "Customs") allegedly untimely liquidation of ten entries associated with those protests. *See generally* Compl., ECF No. 2. The matter is before the court on Defendant's ("the Government") partial motion to dismiss the complaint for

---

[1] AFI contests the denial of Protest No. 5201-18-100098, covering nine entries, and Protest No. 5201-18-100100, covering one entry. Summons, ECF No. 1; *see also* Confidential Protest Number 5201-18-100098 ("1st Subject Protest"), ECF No. 9-1; Confidential Protest Number 5201-18-100100 ("2nd Subject Protest"), ECF No. 9-2.

lack of subject matter jurisdiction pursuant to United States Court of International Trade ("USCIT" or "CIT") Rule 12(b)(1) with respect to eight entries covered by the 1st Subject Protest. *See* Def.'s Partial Mot. to Dismiss for Lack of Jurisdiction ("Def.'s Mot."), ECF No. 14. AFI opposes the motion. *See* Pl. Aspect Furniture Int'l, Inc.'s Opp'n to Def. United States' Partial Mot. to Dismiss for Lack of Jurisdiction [and] Mem. of P&A in Supp. ("Pl.'s Opp'n"), ECF No. 18; *see also* Decl. of Robert W. Snyder ("Snyder Decl.") and Exs. In Supp. Thereof ("Pl.'s Ex."), ECF No. 18-1. For the reasons discussed herein, Defendant's motion is denied.

## BACKGROUND

The imported merchandise at issue in this case consists of wooden bedroom furniture from the People's Republic of China ("the PRC" or "China"). Compl. ¶ 7. AFI is the importer of record. *Id*. ¶ 4. On various dates in January, February, July, and December of 2014, AFI made ten entries of wooden bedroom furniture. *See* 1st Subject Protest at 6, 19, 29, 40, 50, 61, 72, 80, 91 (entry summary headers); 2nd Subject Protest at 5 (entry summary header).[2]

On April 11, 2016, the U.S. Department of Commerce ("Commerce") published the final results of its tenth administrative review of the antidumping duty order on wooden bedroom furniture from China. Compl. ¶ 11 (citing *Wooden Bedroom Furniture From the People's Republic of China*, 81 Fed. Reg. 21,319 (Dep't Commerce Apr. 11, 2016) (final results and final determination of no shipments, in part; 2014 admin. review)

---

[2] For ease of reference, the court uses the ECF pages numbers stamped on the entry summaries appended to the protest information.

("*Final Results*")). The review covered 18 companies; Commerce determined that 11 companies had no shipments during the period of review, and the remaining 7 did not establish their eligibility for a separate rate.[3] *Final Results*, 81 Fed. Reg. at 21,319-20. Commerce indicated that it would instruct CBP to liquidate suspended entries of subject merchandise at the assessment rate of 216.01 percent, which is the rate assigned to the PRC-wide entity. *Id.* at 21,320.

On April 27, 2016, the CIT preliminarily enjoined liquidation of certain entries in connection with a lawsuit filed to challenge the *Final Results*. Compl. ¶¶ 12-13; *see also Am. Furniture Mfrs. Comm. for Legal Trade, et al. v. United States*, Court No. 16-00070 (CIT March 13, 2017). The case was ultimately dismissed on March 13, 2017. Compl. ¶ 16.

On November 24, 2017, CBP liquidated nine entries (Entry Nos. W69-3325900-5, W69-3325953-4, W69-3326026-8, W69-3329300-4, W69-3329302-0, W69-3329955-5, W69-3343109-1, W69-3345392-1, and W69-3368746-0). Compl. ¶ 19; Snyder Decl. ¶ 3; Pl.'s Ex. 1 at 3. On December 1, 2017, CBP liquidated one additional entry (Entry No. W69-3327386-5). Compl. ¶ 20.

---

[3] In antidumping duty proceedings involving a nonmarket economy country, such as China, "Commerce presumes all respondents are government-controlled and therefore subject to a single country-wide rate." *Ad Hoc Shrimp Trade Action Comm. v. United States*, 802 F.3d 1339, 1353 (Fed. Cir. 2015). A respondent may rebut that presumption and obtain a "separate" antidumping duty rate by demonstrating the absence of both *de jure* (in law) and *de facto* (in fact) government control over its export activities. *See id.* at 1353.

On April 6, 2018, AFI filed the 1st Subject Protest. Compl. ¶ 21; 1st Subject Protest at 1. On April 16, 2018, AFI filed the 2nd Subject Protest. Compl. ¶ 22; 2nd Subject Protest at 1.

> In the narrative portion of the 1st Subject Protest, AFI stated that it:
>
> respectfully protests [CBP's] noticed rate advance and interest assessed against Entry No. W69-3325900-5, as liquidated on 11/24/2017. [AFI] disputes the amount of interest that [CBP] has assessed on its subject goods and maintains that said goods are not subject to anti-dumping and countervailing liquidation duties due to the construction of the imported product.
>
> Lastly, as the liquidation date for Entry No. W69-3325900-5 did not occur until 11/24/2017, the rate advance noticed and applied to this importer's previously entered subject goods by CBP is untimely. Such liquidation is not in compliance with 19 U.S.C. § 1504(d), after removal of suspension of liquidation for wooden bedroom furniture imported in 2014 from manufacturer Shanghai Jian Pu Import & Export Co., Ltd. [("Jian Pu")], in the [PRC], occurred on or about April 11, 2016, in accordance with the [*Final Results*]. While an injunction on liquidation of the aforementioned goods was later imposed due to USCIT Case No. 16-00070 (sometime after April 26, 2016), that injunction was dissolved on 05/12/2017 after determination of USCIT Case No. 16-00070, as reflected in CBP Message No. 7150306. As a result, the asserted liquidation date of 11/24/2017 occurred more than six (6) months after receiving the notice of the removal of the suspension of liquidation; and more than six (6) months after the injunction was dissolved.
>
> Therefore, in consideration of the foregoing, [AFI] asserts it should be granted relief from the noticed rate advance and assessed interest by CBP for Entry No. W69-3325900-5 due to non-conformance with 19 U.S.C. § 1504(d).

1st Subject Protest at 1, 5. AFI used the "Add Additional Entry Numbers" feature in CBP's Automated Commercial Environment ("ACE") system to identify eight additional entry numbers ("the Contested Entries") with the protest; *to wit*, Entry Nos. W69-3325953-4, W69-3326026-8, W69-3329300-4, W69-3329302-0, W69-3329955-5, W69-

Court No. 18-00222                                                                                                            Page 5

3343109-1, W69-3345392-1, and W69-3368746-0, along with their corresponding dates of entry and liquidation.  See Pl.'s Ex. 1 at 3; Pl.'s Opp'n at 1; Pl.'s Opp'n at 6 (discussing Customs' guidelines).[4]

CBP denied AFI's protests on May 10, 2018.  Compl. ¶¶ 21-22; 1st Subject Protest at 1; 2nd Subject Protest at 1.  According to CBP, AFI provided "[i]nsufficient information . . . about the 'construction of the imported product'" for CBP to reevaluate the propriety of antidumping duties.  See, e.g., 1st Subject Protest at 2.  CBP did not address AFI's challenge to the timeliness of liquidation.  See id.  On October 27, 2018, AFI timely initiated this action challenging the denial of its protests. See Summons; Compl.  The court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1581(a).[5]

## DISCUSSION

### I. Legal Standard

To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95

---

[4] Plaintiff points to several sources of information, including, for example, U.S. Customs and Border Protection, Office of Trade, Quick Reference Guide: Automated Commercial Environment (ACE): ACE Protest for Trade (2016) ("ACE Guide"), available at https://www.cbp.gov/sites/default/files/assets/documents/2016-Aug/ACE-EntrySum%20-%20Trade%20-%20Protest%20QRG_2.pdf (last visited June 13, 2019).  The ACE Guide instructs importers to include the "lead entry number" in the "Entry Number" field, and, if appropriate, to add additional entry numbers using the "Add Additional Entry Numbers" feature.  ACE Guide 19.

[5] "A court always has jurisdiction to determine jurisdiction . . . ."  Bunting v. Mellen, 541 U.S. 1019, 1026 (2004) (Scalia, J., dissenting) (citing United States v. Mine Workers, 330 U.S. 258, 291 (1947)); see also Bush v. United States, 717 F.3d 920, 928 (Fed. Cir. 2013).

(1998). A plaintiff bears the burden of establishing subject-matter jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). When, as here, the "motion challenges a complaint's allegations of jurisdiction, the factual allegations in the complaint are not controlling and only uncontroverted factual allegations are accepted as true." *Shoshone Indian Tribe of Wind River Reservation, Wyo. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012).[6] To "resolv[e] these disputed predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings." *Id.* (internal quotation marks and citation omitted).

In this case, the Government challenges the existence of jurisdiction over the Contested Entries. *See* Def.'s Mot. at 2-3, 5-6. Therefore, the court may consider extrinsic evidence, if necessary. *Shoshone Indian Tribe*, 672 F.3d at 1030.

## II. Analysis

### A. Requirements for Jurisdiction

Pursuant to 28 U.S.C. § 1581(a), the court has "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930," 19 U.S.C. § 1515. "[A] prerequisite to [CIT] jurisdiction . . . is the denial of a valid protest." *Saab Cars USA, Inc. v. United States*, 434 F.3d 1359, 1365 (Fed. Cir. 2006) (second alteration in original) (citation omitted). A valid protest

---

[6] In contrast, when the motion challenges the sufficiency of the pleadings, the court assumes that the allegations within the complaint are true. *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691, 437 F. Supp. 2d 1335, 1339 (2006).

satisfies the requirements set forth in 19 U.S.C. § 1514(c)(1) and 19 C.F.R. § 174.13(a).

*Koike Aronson, Inc. v. United States*, 165 F.3d 906, 908 (Fed. Cir. 1999) (per curiam).

> Pursuant to 19 U.S.C. § 1514,
>
> [a] protest must set forth distinctly and specifically—(A) each decision . . . as to which protest is made; (B) each category of merchandise affected by each decision . . .; (C) the nature of each objection and the reasons therefor; and (D) any other matter required by [CBP] by regulation.

19 U.S.C. § 1514(c)(1).  Customs implementing regulations provide that a protest must contain, *inter alia*:

> (1) The name and address of the protestant, i.e., the importer of record or consignee, and the name and address of his agent or attorney if signed by one of these; (2) The importer number of the protestant. If the protestant is represented by an agent having power of attorney, the importer number of the agent shall also be shown; (3) The number and date of the entry; (4) The date of liquidation of the entry, or the date of a decision not involving a liquidation or reliquidation; (5) A specific description of the merchandise affected by the decision as to which protest is made; (6) The nature of, and justification for the objection set forth distinctly and specifically with respect to each category, payment, claim, decision, or refusal . . . .

19 C.F.R. § 174.13(a)(1)-(6).  When, as here, multiple entries are at issue,

> [a] single protest may be filed with respect to more than one entry with CBP, either at any port or electronically, if all such entries involve the same protesting party, and if the same category of merchandise and a decision or decisions common to all entries are the subject of the protest.  In such circumstances, the entry numbers, dates of entry, and dates of liquidation of all such entries should be set forth as an attachment to the protest.

*Id.* § 174.13(b).

Protests must "be construed generously in favor of finding them valid, but [] a protest is defective if it gives no indication of the reasons why the collector's action is alleged to

be erroneous." *Saab*, 434 F.3d at 1365-66 (internal quotation marks and citation omitted).

### B. Parties' Contentions

In its motion, the Government seeks dismissal on the basis that AFI filed a valid protest only as to Entry No. W69-3325900-5 and failed to "seek relief for any other entry." Def.'s Mot. at 2; *see also* Def.'s Reply Mem. in Further Supp. of Partial Mot. to Dismiss ("Def.'s Reply") at 6, ECF No. 22.[7] According to the Government, AFI never protested the liquidation of Entry Nos. W69-3325953-4, W69-3326026-8, W69-3329300-4, W69-3329302-0, W69-3329955-5, W69-3343109-1, W69-3345392-1, and W69-3368746-0, Def.'s Mot. at 2, because the 1st Subject Protest "expressly cover[ed]" Entry No. W69-3325900-5 alone and "cannot be expanded to cover liquidations that were never challenged or even mentioned in the protest," *id.* at 3; *see also id.* at 5-6 (the 1st Subject Protest "is directed to a single entry" and does not satisfy statutory and regulatory requirements for the eight additional entries).

AFI responds that the Government "failed to disclose the critical fact that" AFI listed the Contested Entries using the "Add Additional Entry Numbers" function in CBP's ACE system, which is a valid method of protesting multiple entries in one protest. Pl.'s Opp'n at 5. According to AFI, it is not necessary to explicitly list additional entry

---

[7] In its reply, the Government characterizes the 1st Subject Protest as deficient with respect to Entry No. W69-3325900-5. Def.'s Reply at 6. However, the Government goes on to assert that "Entry No. W69-3325900-5 is the only entry that was properly protested," and seeks dismissal as to the eight Contested Entries associated with the 1st Subject Protest. *Id.* Accordingly, the court addresses those entries.

numbers in the narrative portion of the protest; rather, CBP's regulation provides that additional entries are to "be set forth as an *attachment* to the protest." *Id.* at 8 (quoting 19 C.F.R. § 174.13(b)). When "the requirements have been met as to a lead entry," AFI asserts, "they have also been met as to the other entries attached to a protest." *Id.* at 9; *see also id.* at 10-12 (discussing compliance with statutory and regulatory protest requirements).

The Government replies that listing additional entry numbers in the ACE system is insufficient to properly protest the liquidation of those entries. Def.'s Reply at 2-3. According to the Government, while subsection (b) of CBP's regulation "eliminates the burden of filing a separate protest for each entry," protestants must nevertheless "comply[] with the specificity requirements of [19 U.S.C. § 1514] with respect to all entries covered by a protest." *Id.* at 3. The Government contends that the 1st Subject Protest is not specific as to the Contested Entries because it is limited to Entry No. W69-3325900-5 and does not indicate that the entry is representative of all entries. *Id.* at 4. Through its narrative, the Government asserts, "AFI conveyed that the protest language should be construed narrowly" and AFI "should be held to the language of its protest." *Id.* ("[W]here an importer states with specificness his objections he is limited thereby. He is bound by the allegations of his protest.") (quoting *United States v. Troy Laundry Mach. Co.,* 5 Ct. Cust. App. 430, 431 (1914)). The Government further points

Court No. 18-00222                                                                                                                Page 10

to statements made in connection with AFI's application for further review to bolster its contention the Contested Entries were never properly protested. *Id.* at 5.[8]

### C. The Government's Motion is Denied; the Court Has Jurisdiction Over the Contested Entries Pursuant to 28 U.S.C. § 1581(a)

The Government's motion is premised on the factually incorrect notion that AFI never protested the liquidation of the eight Contested Entries. *See* Def.'s Mot. at 2 ("The protest did not seek relief for any other entry. . . . [T]he liquidation of [the Contested Entries] were [*sic*] never protested."); *id.* at 3 (A protest that expressly covers the liquidation of a **single entry** cannot be expanded to cover liquidations that never challenged *or even mentioned in the protest*.") (italicization added). The Government shifts gears in its reply, asserting the "absence of a *valid* protest" in connection with the Contested Entries. *See* Def.'s Reply at 1-2 (emphasis added).[9] The Government argues that compliance with 19 U.S.C. § 1514—in particular, its specificity requirement—requires protestants to discuss each protested entry in the narrative portion of the protest or otherwise indicate that the cited entry is "representative of all the entries." *Id.* at 3-4. Case law on the requirements for properly protesting multiple

---

[8] AFI submitted an application for further review of the 1st Subject Protest, which was denied by CBP. *See* 1st Subject Protest at 3. In its request for reconsideration of the denial, AFI referenced "the entry" CBP allegedly failed to timely liquidate. *See id.*; Def.'s Reply at 5.

[9] The protest information on the court docket explicitly references all nine entries, *see* 1st Subject Protest at 1-2, and a printout from CBP's ACE system shows that the protest was denied as to all nine entries, *see* Pl.'s Ex. 1 at 3. "The test for determining the sufficiency of a protest under [19 U.S.C. § 1514]" is, however, "an objective one," *Mattel, Inc. v. United States*, 72 Cust. Ct. 257, 266, 377 F. Supp. 955, 963 (1974); thus, CBP's apparent awareness that the Contested Entries were included in the protest is not dispositive of the jurisdictional question.

entries in a single protest is scarce.[10]  Nevertheless, the court rejects the Government's arguments and finds that it has jurisdiction over the eight Contested Entries.

In 1993, the Customs Modernization Act ("Mod Act")[11] made several changes to the customs laws.  Those changes included the implementation of "automated customs transactions" and the introduction of "the concept of 'informed compliance,'" which represents the idea "that importers have a right to be informed about customs rules and regulations, as well as interpretive rulings, and to expect certainty that [CBP] will not unilaterally change the rules without providing importers proper notice and an opportunity for comment."  S. Rep. No. 103–189 at 63-64 (1993).[12]

---

[10] Plaintiff relies on *Lykes Pasco, Inc. v. United States*, 22 CIT 614, 615, 14 F. Supp. 2d 748, 749 (1998), for the proposition that the court "will *not* look to the narrative statement to determine the entries intended to be covered by a protest," but will "instead look[] only to the list of additional entries."  Pl.'s Opp'n at 8-9.  *Lykes Pasco* is factually distinguishable and legally inapposite because it does not address the specificity requirement in the context of multiple entries protested electronically pursuant to 19 C.F.R. § 174.13(b).

[11] The Mod Act was enacted as Title VI to the North American Free Trade Agreement ("NAFTA") Implementation Act, Pub. L. No. 103-182, 107 Stat. 2057 (1993).

[12] The Mod Act substantially amended 19 U.S.C. § 1625, which now directs CBP to make available written or electronic materials providing the "advice necessary for importers and exporters to comply with the Customs laws."  19 U.S.C. § 1625(e); *see also Precision Specialty Metals, Inc. v. United States*, 25 CIT 1375, 1388, 182 F. Supp. 2d 1314, 1328 (2001).  Then-Commissioner of CBP (formerly the U.S. Customs Service) framed the amendment in terms of the "shared responsibility" between Customs and the trade community.  *Precision Specialty Metals*, 25 CIT at 1388, 182 F. Supp. 2d at 1328 (quoting *Customs Modernization and Informed Compliance Act: Hearing on H.R. 3935 Before the Subcomm. on Trade of the H. Comm. on Ways and Means,* 102d Cong. 91 (1992) (statement of Commissioner Carol Hallett, United States Customs Service)).  Shared responsibility means that "Customs must do a better job of informing the trade community of how Customs does business; and the trade community must do a better job to assure compliance with U.S. trade rules."  *Id.*  To that end, "informed compliance" means that "[i]mporters have the right to be informed about Customs rules and regulations, and its interpretive rulings and directives, and to expect

      Here, AFI adhered to Customs' regulatory provisions regarding protesting multiple entries together when it included Entry No. W69-3325900-5 as the "lead entry" and manually added the Contested Entries in the ACE system along with their respective dates of entry and liquidation.  *See* Pl.'s Ex. 1 at 3; Pl.'s Opp'n at 6; *supra* note 4.  In this way, AFI asserted that the regulatory conditions for protesting multiple entries together in a single protest were met.  *See* 19 C.F.R. § 174.13(b) (requiring entries protested together to involve the same protestant, category of merchandise, and decision(s) forming the basis of the protest).[13]  When considered as a whole and in accordance with the "general rule that customs protests are to be construed generously" and deemed "defective" only when they afford "no indication" of the basis for the protest, *Saab*, 434 F.3d at 1365-66 (internal quotation marks and citation omitted), it is readily apparent that AFI's grounds for protesting Entry No. W69-3325900-5 apply likewise to the Contested Entries.  AFI's protest does not run afoul of the specificity required by 19 U.S.C. § 1514 or merit the "severe" consequence of denial of subject matter jurisdiction over the Contested Entries.  *See Estee Lauder, Inc. v. United States*, 35 CIT 258, 264–65 (2011) (citation omitted); *Mattel*, 72 Cust. Ct. at 262, 377 F. Supp. at 960 (the court's "liberal posture" towards protest sufficiency holds "that, however cryptic, inartistic, or poorly drawn a communication may be, it is sufficient as a protest for purposes of [19 U.S.C. § 1514] if it conveys enough information to apprise knowledgeable officials of the

---

certainty that the ground rules would not be unilaterally changed by Customs without the proper notice and an opportunity to respond." *Id.*

[13] The Government does not argue that the Contested Entries were ineligible for inclusion in the 1st Subject Protest because of differences in the enumerated criteria.

importer's intent and the relief sought").   This is particularly true given AFI's compliance with CBP's guidance in this area.  *See supra* note 12 (discussing CBP's obligation to provide clear and consistent guidance to importers to promote compliance with the Customs laws).

The court finds that the Government's interpretation of CBP's regulation is unreasonable.[14]  The Government asserts that the court should disregard the attached list of entry numbers, entry dates, and liquidation dates and consider only the entry number identified in the narrative as meeting the specificity requirements of 19 C.F.R. § 174.13(a)(1)-(6).  *See* Def.'s Reply at 3-4.  If, however, section 174.13(a) was interpreted as requiring an enumeration of every entry number, entry date, and liquidation date in the narrative portion of the protest, any identification of additional entry numbers, entry dates, and liquidation dates by means of an attachment to the protest pursuant to section 174.13(b) would be superfluous.  To the extent that the Government's objection is that AFI did not include a statement explicitly linking the narrative to the eight entries in the attachment, such an express statement is not required by the regulations and the linkage is adequately inferred by the inclusion of the

---

[14] The Government's interpretation is not entitled to deference pursuant to *Auer v. Robbins,* 519 U.S. 452 (1997).  While *Auer* calls for deference to an agency's "fair and considered" interpretation of its own ambiguous regulation, 519 U.S. at 461-62, there are limits to this rule, *see Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 155 (2012) (*Auer* deference "does not apply in all cases").  The Government's interpretation of 19 C.F.R. § 174.13 was not adopted by CBP when it denied AFI's protests and there is no indication that it represents CBP's "fair and considered judgment on the matter in question."  *Id.* (quoting *Auer*, 519 U.S. at 462).  Instead, the interpretation "is nothing more than a 'convenient litigating position'" adopted by the U.S. Department of Justice in its reply.  *Id.* (quoting *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 213 (1988).

Court No. 18-00222  Page 14

entries in the attachment. Moreover, any differences in the enumerated criteria between the lead entry and those entries identified in the attachment would provide CBP a basis for denying the protest as to such entries. Thus, the court rejects the Government's interpretation of the regulation as unreasonable.

The Government's reliance on *Troy Laundry* lacks merit. *See id.* at 4. While an importer that protests a classification decision by pointing to a particular tariff provision may waive its ability to later assert the propriety of a different tariff provision, *Troy Laundry*, 5 Ct. Cust. App. at 431, that is not what happened here. AFI is not asserting any objection not discussed in its protest. The Government's reliance on AFI's request for reconsideration of CBP's denial of its application for further review of its protest also lacks merit. *See* Def.'s Reply at 5. Further review of a protest is governed by different regulatory provisions (19 C.F.R. §§ 174.23-174.25) and has no bearing on the validity of the underlying protest or this court's jurisdiction over the underlying protest.

## CONCLUSION & ORDER

For the reasons discussed herein, the Government's partial motion to dismiss for lack of subject matter jurisdiction is hereby **DENIED**.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: __June 21, 2019__
     New York, New York